## ABBOTT *v.* BERRIE, sheriff.

HOLDEN, J. A verdict and judgment were rendered against the defendant in proceedings to evict him as a tenant holding over. To the order of the court overruling his motion for a new trial he filed a bill of exceptions, and for the purpose of having it operate as a supersedeas he made the oath required by the Civil Code, § 5552. When the rule nisi was granted upon the motion for a new trial, the court passed an order providing that such order act as a supersedeas upon the defendant complying with specified conditions, and providing that upon failure to comply with such conditions a writ of possession immediately issue in favor of the plaintiff against the defendant for the premises in dispute. After the bill of exceptions had been filed, the defendant in the eviction proceedings made application for an injunction to prevent his eviction under a writ of possession which had been issued, and for other relief. The court denied the injunction, and he excepted. *Held:*

1. Upon failure of the defendant to comply with the conditions named in the order, the clerk was authorized to issue a writ of possession against him in favor of the plaintiff, without any further order of the court authorizing the same.

2. The evidence was sufficient to authorize the court to find that at the time the bill of exceptions hereinbefore referred to was filed, and at the time the application for an injunction was made, the applicant had been evicted by the sheriff by virtue of the writ of possession.

3. The court committed no error in refusing the injunction.

> *Judgment affirmed. All the Justices concur.*

NOVEMBER 18, 1910.

24

Petition for injunction. Before Judge Conyers. Glynn superior court. April 30, 1910.

*Crovatt & Whitfield* and *Ernest Dart,* for plaintiff.

*Bennet, Twitty & Reese,* for defendant.